No. 15-50023

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of California
Honorable Anthony J. Battaglia, District Judge Presiding

APPELLANT'S REPLY BRIEF

COLEMAN, BALOGH & SCOTT LLP
BENJAMIN L. COLEMAN
TIMOTHY A. SCOTT
NICOLAS O. JIMENEZ
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0420

Attorneys for Appellant James Murphy

## <u>TABLE OF CONTENTS</u>

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  The government made improper arguments about Mr. Murphy's
credibility during rebuttal summation, thereby requiring reversal for
a new trial.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  The government presented insufficient evidence that Mr. Murphy
passed fictitious obligations purporting to be issued "under the authority
of the United States," thereby requiring judgment of acquittal on the 18
U.S.C. § 514 counts; alternatively, the district court committed plain
error by failing to instruct the jury on the "under authority of the United
States" element of the section 514 offense, thereby requiring reversal of
those counts for a new trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  The 26 U.S.C. § 7212(a) count of conviction must be reversed
because it was duplicitous and untimely under the statute of limitations.. . . . . . . . 8

IV.  The 18 U.S.C. § 287 counts must be reversed because the district
court committed plain error by failing to instruct adequately on the
meaning of a "claim.". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

# TABLE OF AUTHORITIES

## CASES

*Bridges v. United States*,
  346 U.S. 209 (1953). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hovey v. Ayers*,
  458 F.3d 892 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Lincoln v. Sunn*,
  807 F.2d 805 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McCormick v. United States*,
  500 U.S. 257 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

*Toussie v. United States*,
  397 U.S. 112 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

*United States v. Alferahin*,
  433 F.3d 1148 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,13

*United States v. Bear*,
  439 F.3d 565 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Brevard*,
  739 F.2d 180 (4th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Bustamante*,
  45 F.3d 933 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Carpenter*,
  961 F.2d 824 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Castillo-Marin*,
    684 F.3d 914 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Crary*,
    2013 WL 6054607 (D. Mont. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. DeTar*,
    832 F.2d 1110 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Flores*,
    ___ F.3d ___ (9th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

*United States v. Fuchs*,
    218 F.3d 957 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Howell*,
    318 F.2d 162 (9th Cir. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Jackson*,
    845 F.2d 880 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Kojayan*,
    8 F.3d 1315 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. McBride*,
    362 F.3d 360 (6th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Morales*,
    11 F.3d 915 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Niven*,
    952 F.2d 289 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Orduno-Aguilera*,
    183 F.3d 1138 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iii

*United States v. Perlaza*,
    439 F.3d 1149 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Price*,
    566 F.3d 900 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Rivera-Guerrero*,
    377 F.3d 1064 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Sanchez*,
    659 F.3d 1252 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5

*United States v. Shabani*,
    513 U.S. 10 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Shortman*,
    91 F.3d 80 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Sine*,
    493 F.3d 1021 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

*United States v. St. Clair*,
    855 F.2d 518 (8th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Washington*,
    462 F.3d 1124 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Weatherspoon*,
    410 F.3d 1142 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Weitzenhoff*,
    35 F.3d 1275 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Wilson*,
    118 F.3d 228 (4th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iv

*United States v. Workinger*,
    90 F.3d 1409 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. W.R. Grace*,
    429 F. Supp. 2d 1207 (D. Mont. 2006).. . . . . . . . . . . . . . . . . . . . . . 10,11,12

*United States v. Yashar*,
    166 F.3d 873 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

18 U.S.C. § 287. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 513. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 514. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7

26 U.S.C. § 6531. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

26 U.S.C. § 7201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

26 U.S.C. § 7212. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) U.S.C.A. No. 15-50023 |
| | ) U.S.D.C. No. 12CR2497-AJB |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES MURPHY, | ) |
| | ) |
| Defendant-Appellant. | ) |
| _____ | ) |

## PRELIMINARY STATEMENT

Appellant, James Murphy, respectfully submits this reply brief to respond to arguments made in the Answering Brief for the United States ("ABUS").

## ARGUMENT

**I. The government made improper arguments about Mr. Murphy's credibility during rebuttal summation, thereby requiring reversal for a new trial on all counts.**

Just within the last couple of weeks, this Court was forced to observe: "Once again, an Assistant United States Attorney for the Southern District of California overstepped the boundaries of permissible . . . argument." *United States v. Flores*, ___ F.3d ___, No. 14-50027, 2015 WL 5569098, at *15 (9th Cir. Sep. 23, 2015). The government has asserted the same deficient arguments that it

offered in *Flores* in an attempt to justify the improper argument, and its continued failure to acknowledge the impropriety is all the more reason to reverse. *See, e.g.*, *United States v. Kojayan*, 8 F.3d 1315, 1320, 1324-25 (9th Cir. 1993). This Court did not reverse in *Flores* because plain error review applied, but the government concedes that the objection to the improper argument was properly preserved in this case, *see* ABUS 23, and therefore *de novo* review governs here. *See, e.g.*, *United States v. Perlaza*, 439 F.3d 1149, 1169 n.22 (9th Cir. 2006).

The essence of the government's argument is that the prosecutor's statements were technically based on the evidence and that the government should not be held accountable for any inferences that could be drawn. *See* ABUS 24-25. This is the same "defense" that was offered in *Flores*, where the government argued that the prosecutor's comments were "not technically untrue," but this Court explained that the arguments "suggested" that the jury draw an improper inference. *Flores*, 2015 WL 5569098, at *5. This Court further reasoned that the prosecutor's statements, "while again not untrue as an abstract legal matter, furthered the misimpression that the jury could" draw. *Id.* at *5; *see also Lincoln v. Sunn*, 807 F.2d 805, 808 (9th Cir. 1987) (court considers how the jury would interpret the argument). Bottom line, the government "should not have tried to 'push the envelope' in this manner." *Flores*, 2015 WL 5569098, at *5.

2

Here, the government pushed the envelope, and there is really only one inference that a juror could draw from the government's argument: a federal judge previously found that Mr. Murphy's testimony was not credible and therefore you should reach the same conclusion. This was improper under *United States v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007). Furthermore, it was the *government* that elicited evidence that Mr. Murphy testified at the prior bench trial, ER 214-16, and the only purpose for doing so was to lay the framework for the improper argument during summations.

Indeed, the government does not appear to dispute that this was all a designed strategy formulated well in advance of the rebuttal summation. Thus, the government's contention that the argument was somehow a "fair" response is incorrect both as a matter of fact, as it was the government who injected the fact that Mr. Murphy testified at the prior trial, and as a matter of law. *See, e.g.*, *United States v. Sanchez*, 659 F.3d 1252, 1257 (9th Cir. 2011) (rejecting argument that rebuttal summation was a "fair" response to defense argument). In short, "the prosecutor is not allowed to use improper tactics even in response to similar tactics by the defense." *United States v. Weatherspoon*, 410 F.3d 1142, 1150 (9th Cir. 2005). The prosecutor was free to make "fair" arguments that Mr. Murphy was not credible, but not improper ones. And, in *Sine* itself, this Court rejected the

3

government's similar contention that the defendant "opened the door" to the improper use of the prior judicial findings. *See Sine*, 493 F.3d at 1037-38.

This significant error was not harmless. The government apparently has no response to the cases cited by Mr. Murphy, which establish that a purported curative instruction cannot eliminate the prejudice in this context. *See United States v. St. Clair*, 855 F.2d 518, 523 (8th Cir. 1988); *United States v. Brevard*, 739 F.2d 180, 182-83 (4th Cir. 1984). And the curative instruction cases cited by the government are way off the mark. *See* ABUS 30. In *United States v. Washington*, 462 F.3d 1124 (9th Cir. 2006), the defendant confessed, and it does not appear that he testified at the trial. The issue was only whether a curative instruction corrected an improper and vague reference by the prosecutor to a suppression motion during an objection to the defense counsel's cross-examination of a witness. The case did not involve a prosecutor's attack on a testifying defendant's credibility. Similarly, *United States v. Weitzenhoff*, 35 F.3d 1275, 1291-92 (9th Cir. 1993) did not involve an improper attack on a testifying defendant's credibility, and most of the misconduct was not even objected to at trial.

Finally, relying on *Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006), the government contends that the error was harmless because the evidence was overwhelming. *See* ABUS 30-32. But in *Hovey*, the defendant did *not* testify in

4

his defense. Indeed, the error in the case involved a comment on the defendant's silence, and the defendant actually stipulated that he had killed the victim. *See Hovey*, 458 F.3d at 899. Here, Mr. Murphy testified in his own defense that he had an innocent intent, and therefore the improper closing argument, which unfairly attacked his credibility, was not harmless. *See Sanchez*, 659 F.3d at 1260-61 (improper closing argument required reversal even under plain error review where case "c[a]me down to a 'battle over credibility'" of the defendant). If anything, the government's case in *Sanchez* was stronger than its case here, and this Court reversed in *Sanchez* under plain error review. Here, review is *de novo*, and therefore reversal is clearly required.

**II. The government presented insufficient evidence that Mr. Murphy passed fictitious obligations purporting to be issued "under the authority of the United States," thereby requiring judgments of acquittal on the 18 U.S.C. § 514 counts; alternatively, the district court committed plain error by failing to instruct the jury on the "under the authority of the United States" element of the section 514 offense, thereby requiring reversal of those counts for a new trial.**

With respect to the 18 U.S.C. § 514 counts, the government concedes that the jury instructions were plainly erroneous for failing to include a critical element of the offense. *See* ABUS 36. Thus, the only issue is whether the third and fourth prongs of the plain error test have been satisfied. *See United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012).

5

Through a series of indirect arguments relying on tenuous inferences, the government contends that it presented sufficient evidence that the "Bonded Promissory Notes" purported to be issued under the authority of the United States. But the evidence was far from overwhelming in that regard. The government contends that Mr. Murphy presented no evidence that the notes were private notes, *see* ABUS 38-39, but the notes themselves specifically stated that they were "private" notes. ER 302-05. The government never argues that its case was overwhelming as to the section 514 counts, and given the weakness of the government's case as to the omitted element of the offense, the third and fourth prongs of the plain error test are satisfied. *See, e.g.*, *United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006); *see also United States v. Bear*, 439 F.3d 565, 570-71 (9th Cir. 2006); *United States v. Fuchs*, 218 F.3d 957, 962-63 (9th Cir. 2000); *United States v. Shortman*, 91 F.3d 80, 82 (9th Cir. 1996).

The government contends that, under the third prong of the test, Mr. Murphy must show that there is a reasonable possibility that he would have been acquitted. *See* ABUS 37. The standard, however, is whether the result could have been different, which means an acquittal or hung jury on the section 514 counts. *See United States v. Price*, 566 F.3d 900, 914 (9th Cir. 2009). Given the weakness of the government's case as to this critical element, he has made that showing.

6

The government also argues that, even if its evidence that the notes purported to be issued under the authority of the United States was weak, reversal is not required under the fourth prong of the plain error test because the notes at least bore a "family resemblance" to financial instruments, and the intent of the statute is to reach such conduct. *See* ABUS 39-42. The government appears to be arguing that reversal is not required because although there was weak evidence that the notes purported to be issued under the authority of the *United States*, it could have charged and presumably convicted Mr. Murphy under a different theory that the notes purported to be issued under the authority of an *organization*, which is a term of art under the statutory scheme that is specifically limited to entities engaged in interstate commerce. 18 U.S.C. §§ 513 and 514. Even assuming this Court could evaluate the evidence under an uncharged theory of liability, which is doubtful, *see, e.g.*, *McCormick v. United States*, 500 U.S. 257, 270 n.8 (1991), the government never ultimately explains how the notes purported to be issued under the authority of such an *interstate* entity. Indeed, they didn't. Given the weakness of the government's case as to the missing element, under any theory of section 514 liability, this is precisely the type of situation where reversal is required under the fourth prong of the plain error test. *See, e.g.*, *Alferahin*, 433 F.3d at 1159-60.

7

Finally, although reversal is required due to the instructional error, this Court must also conduct a *de novo* review of the sufficiency of the evidence "to determine if retrial on any of the counts is barred by the Double Jeopardy Clause." *United States v. Carpenter*, 961 F.2d 824, 826 (9th Cir. 1992). The notes themselves stated they were "private" notes issued *to* the United States. The government did not even argue the missing element at trial, and it has abandoned the argument that it made in the context of post-trial motions that its expert provided the requisite sufficient evidence. The government appears to acknowledge that nothing in the notes explicitly stated that they were issued under the authority of the United States, and the government's inferential arguments are too tenuous to support the beyond a reasonable doubt standard. *See, e.g.*, *United States v. Orduno-Aguilera*, 183 F.3d 1138, 1140-41 (9th Cir. 1999) (inferential arguments too tenuous to support conviction under reasonable doubt standard). Accordingly, this Court should reverse and order entry of judgments of acquittal on the section 514 counts.

## III. The 26 U.S.C. § 7212(a) count of conviction must be reversed because it was duplicitous and untimely under the statute of limitations.

Relying on *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997), the government argues that the statute of limitations for a 26 U.S.C. § 7212 charge

begins to run on the date of the last corrupt act. *See* ABUS 43. The Fourth Circuit's decision in *Wilson*, however, did not address *Toussie v. United States*, 397 U.S. 112 (1970), which is the leading decision on how the "continuing offense" doctrine applies in the statute of limitations context. Mr. Murphy respectfully suggests that this Court should decline to follow out-of-circuit authority that ignored the leading Supreme Court case and instead should look to out-of-circuit authority that faithfully applies the High Court's jurisprudence. *See United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999).

The government also cites *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) and out-of-circuit authority for the proposition that the limitations period for the tax evasion statute, 26 U.S.C. § 7201, begins to run from the last affirmative act of evasion charged. *See* ABUS 43. Tax evasion, however, is different from the section 7212 intimidation/obstruction offense at issue here, the latter more clearly being a non-continuing offense. Mr. Murphy also notes that *DeTar* did not address *Toussie*. Furthermore, while the government argues that offenses such as conspiracy, schemes to fraud, and possession have been held to be continuing offenses, *see* ABUS 45, 47, those crimes are quite different from the intimidation/obstruction offense involved here. The burden is on the government to establish a continuing offense, as "the doctrine of continuing offenses should be

9

applied in only limited circumstances . . . ." *Toussie*, 397 U.S. at 115. In short, "there is nothing inherent in the [offense] that requires [it to] take place over time. . . . The mere fact that . . . the offense . . . could in some cases, such as charged in this case, endure for a lengthy period does not compel the conclusion that Congress intended the . . . offense to be continuing." *United States v. W.R. Grace*, 429 F. Supp. 2d 1207, 1243 (D. Mont. 2006).[1]

The government also claims that Mr. Murphy's argument is inconsistent with *United States v. Workinger*, 90 F.3d 1409 (9th Cir. 1996), *see* ABUS 49, but the *only* issue raised by the defendant and addressed by this Court in *Workinger* was whether a 3-year or a 6-year statute of limitations under 26 U.S.C. § 6531 applied to a section 7212(a) charge. In opinions that generated some conflicting reasoning but the same result, *see Workinger*, 90 F.3d at 1416-19 (Kozinski, J., concurring), this Court held that a 6-year statute of limitations applied.[2]

This Court's decision in *Workinger* did *not* address the claim made here, which is that, under *Toussie* and *Yashar*, section 7212(a) is not a "continuing

---

[1]     The government does not rely on the district court's reasoning, which was based on the word "endeavor" in section 7212. Mr. Murphy debunked the district court's reasoning in the opening brief.

[2]     While Mr. Murphy disagrees with the analysis in *Workinger* and preserves any claims should it be overruled, he recognizes that it is binding precedent, and that is why he has applied a 6-year statute of limitations period.

offense" for statute of limitations purposes, and the section 7212(a) offense was committed before June 21, 2006 (six years before the indictment) because all elements of that offense were first present before that date. Indeed, *Workinger* did not even cite *Toussie* or engage in any analysis as to whether section 7212(a) is a continuing offense, and the opinion was rendered three years before *Yashar* was decided, and therefore it could not have considered *Yashar*'s statute of limitations analysis. *See, e.g.*, *United States v. Shabani*, 513 U.S. 10, 16 (1994) ("questions which merely lurk in the record are not resolved, and no resolution of them may be inferred"); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1071 (9th Cir. 2004).

As expected, the government also cites *United States v. Morales*, 11 F.3d 915 (9th Cir. 1993) in support of its position, but the divided opinion in *Morales* addressed the Sentencing Guidelines, not the statute of limitations. *See W.R. Grace*, 429 F. Supp. 2d at 1242-43. Accordingly, *Morales* did not address the Supreme Court's statute of limitations precedent, as set forth in *Bridges v. United States*, 346 U.S. 209 (1953), a case ignored by the government. *Morales* is also in tension with this Court's prior decision in *United States v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991). *See W.R. Grace*, 429 F. Supp. 2d at 1242-43.

Moreover, *Morales* was decided several years before *Yashar*, and therefore it could not have assessed whether or not to accept *Yashar*'s approach in

11

the statute of limitations context. Similarly, the Fifth Circuit case cited by the government, *United States v. Bustamante*, 45 F.3d 933, 942 (5th Cir. 1995), was also decided years before *Yashar*. *See* ABUS 46 n.2. Since *Yashar* has been decided, most courts to have considered the opinion have followed its approach, *including district courts in the Ninth Circuit*; that is, for statute of limitations purposes, a non-continuing offense is complete when all of its elements are first present. *See, e.g.*, *United States v. Crary*, No. 13CR35-DLC, 2013 WL 6054607 (D. Mont. Nov. 15, 2013); *W.R. Grace*, 429 F. Supp. 2d at 1240-45.

This Court should follow *Yashar*. Furthermore, the government apparently concedes that, if the *Yashar* approach is followed, judgment in Mr. Murphy's favor should be entered on Count 1.

**IV. The 18 U.S.C. § 287 counts must be reversed because the district court committed plain error in failing to instruct adequately on the meaning of a "claim."**

With respect to Mr. Murphy's challenge to the 18 U.S.C. § 287 counts, the government contends that *United States v. Jackson*, 845 F.2d 880 (9th Cir. 1988) rejected his contention that a "claim" does not include a request to offset liability. *See* ABUS 51-52. As Mr. Murphy has already argued, the three-judge panel in *Jackson* could not and did not overrule *United States v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003)

(*en banc*).  The government has no response.  *Jackson* also addressed a situation where the defendant fraudulently attempted to cause the government to send him Veterans Administration checks.  Thus, the conduct in *Jackson* clearly came under section 287.  Indeed, in *United States v. McBride*, 362 F.3d 360, 369-70 (6th Cir. 2004), the Sixth Circuit distinguished *Jackson* on this basis.

A "claim" under section 287 does not include a request to offset liability, and the instructions were erroneous for failing to clarify this element.  The government contends that there was no prejudice, *see* ABUS 55, but the evidence was far from overwhelming on the issue.  Each 1040 form submitted by Mr. Murphy had a large stamp on it requesting an "Offset" on the amounts owed the government and stating that the refund purportedly owed was "For Credit to DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE."  ER 306-11.  Each of the 1099-OID forms stated that the federal income tax withheld was to be paid to the United States Treasury as a credit, and Mr. Murphy also included a letter requesting the IRS to "settle, Set-off, and zero the accounts[,]" rather than issue payments to him.  ER 312-13.  Accordingly, the evidence as to the "claim" element was not overwhelming, and therefore a new trial is warranted as to Counts 6-8 due to plain instructional error.  *See, e.g.*, *Alferahin*, 433 F.3d at 1157-60.

13

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should reverse Mr. Murphy's

convictions, enter judgments of acquittal and dismissal, and order a new trial.

Respectfully submitted,

*s/Benjamin L. Coleman*
*s/Timothy A. Scott*
*s/Nicolas O. Jimenez*

Dated: October 9, 2015   COLEMAN, BALOGH & SCOTT LLP
            BENJAMIN L. COLEMAN
            TIMOTHY A. SCOTT
            NICOLAS O. JIMENEZ
            1350 Columbia Street, Suite 600
            San Diego, California 92101
            Telephone: (619) 794-0420

            Attorneys for Appellant James Murphy

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7) and Ninth Circuit Rule 32-1, the

attached Reply Brief is:

Proportionately spaced, has a typeface of 14 points or
more, and contains 3,992 words.

Date: October 9, 2015          *s/Benjamin L. Coleman*
                               BENJAMIN L. COLEMAN

15

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on October 9, 2015, I electronically filed the foregoing Appellant's Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 9, 2015                    *s/Benjamin L. Coleman*
                                          BENJAMIN L. COLEMAN